BLISS et al. v. WINTERS et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

PLEADING BY DEFENDANT AGAINST CO-DEFENDANT — ENLARGEMENT OF COMPLAINT.

Code Civ. Proc. § 521, authorizing a determination of the rights of defendants as between themselves, does not enable a defendant heir to raise an issue as to whether a co-defendant had ever married his ancestor, in an action by a co-heir to set aside a conveyance by the ancestor to the co-defendant alleged to have been fraudulently obtained while they were husband and wife, as the section does not authorize the enlargement of the scope of the complaint by the introduction of a cause of action not set up therein.

Appeal from special term, New York county.

Action by Emily A. Bliss and others against Byram L. Winters and others. From an order striking out parts of the answer of certain defendants (56 N. Y. Supp. 362), they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

R. N. Arnow, for appellants.
Jesse Stearns, for respondents.

PATTERSON, J. The motion to strike out parts of the answer of the defendants Odell and Baisley was properly granted, and the reasons given for so doing by the justice at special term are altogether satisfactory. The object of the action is to set aside certain instruments and conveyances made to the defendant Winters, or in his favor, by his wife, upon allegations that they were procured by his fraud upon her. The plaintiffs and the defendants Odell and Baisley are

her heirs at law. The facts constituting the cause of action alleged in the complaint are appropriately stated therein, as directed to the procurement of the only relief prayed for. The validity of the marriage of Winters is not assailed, nor are there any averments of the complaint that could form the basis of a decree for such relief. The defendants Odell and Baisley, under the claimed permission of section 521 of the Code of Civil Procedure, are seeking to introduce a new cause of action to be tried between co-defendants,—one not involved in any way in the issues tendered by the complaint, and not solely affecting rights between themselves and Winters growing out of the cause of action alleged in the complaint. The effort is made to enlarge the scope of the action, and to add to a complaint by introducing a cause of action which the plaintiffs have not asserted, nor attempted to set up.

The order must be affirmed, with $10 costs and disbursements. All concur.